## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ZTE Corporation
ZTE Plaza, No. 55 Hi-Tech Road South
Shenzhen, Guangdong Province 518057
People's Republic of China

ZTE (USA) Inc.
2425 N. Central Expy., Suite 600
Richardson, TX 75080
United States of America,

                                            Petitioners,

      v.

InterDigital Communications, Inc.
781 Third Avenue
King of Prussia, PA 19406

InterDigital Technology Corporation
200 Bellevue Parkway, Suite 300
Wilmington, DE 19809

IPR Licensing, Inc.
200 Bellevue Parkway, Suite 300
Wilmington, DE 19809

InterDigital Holdings, Inc.
200 Bellevue Parkway, Suite 300
Wilmington, DE 19809

                                            Respondents.

Case: 1:13-mc-00731
Assigned To : Wilkins, Robert L.
Assign. Date : 7/23/2013
Description: Miscellaneous

**Misc. No. _____**

**MOTION FOR ISSUANCE OF
LETTER ROGATORY
REGARDING HTC
CORPORATION**

## MOTION OF ZTE CORPORATION AND ZTE (USA) INC.
## FOR THE ISSUANCE OF A LETTER ROGATORY
## FOR JUDICIAL ASSISTANCE REGARDING HTC CORPORATION

Petitioners ZTE Corporation and ZTE (USA) Inc. (collectively "ZTE"), Respondents in

the *Matter of Certain Electronic Devices, Including Certain Wireless Devices with 3G and/or 4G*

*Capabilities and Components Thereof,* Investigation No. 337-TA-868 (the "Investigation")

before the U.S. International Trade Commission ("ITC"), hereby move for the Court to issue,

under its seal and signature, the attached Letter Rogatory on behalf of ZTE to obtain documents

and deposition testimony from the following foreign third party:

> HTC Corporation
> 88 Section 3, Zhongxing Road
> Xindian District, New Taipei City 231
> Taiwan

ZTE moved in the ITC for the Administrative Law Judge to recommend that this Court

issue a letter rogatory on behalf of ZTE to obtain discovery from HTC on July 12, 2013. ZTE

seeks foreign discovery from HTC because ZTE believes HTC possesses unique documents and

information concerning: any licensing negotiations between HTC and the InterDigital

Complainants in the Investigation (including InterDigital Communications, Inc., InterDigital

Technology Corporation, IPR Licensing, Inc., and InterDigital Holdings, Inc.) including internal

notes and analyses of such negotiations, evaluations of the fair, reasonable, and non-

discriminatory royalty rate for a license to the asserted patents, any royalties paid by HTC to

InterDigital, and HTC's capacity to replace the volume of articles subject to InterDigital's

requested remedial order.

Accordingly, HTC is believed to be among the most knowledgeable about, and to have

documents in its possession, custody, and control concerning ZTE's defenses, including those

based on InterDigital's commitment to license its patents on fair, reasonable, and

nondiscriminatory ("FRAND") terms and the public interest considerations enumerated in 19

U.S.C. § 1337(d)(1) and (e)(l).

Chief Administrative Law Judge Charles E. Bullock granted ZTE's motion on July 17,

2013, recommending that the District Court for the District of Columbia issue the Letter

Rogatory.

For the reasons set forth more fully in the accompanying memorandum, ZTE respectfully

requests that the Court assign a Judge to this matter and expedite the issuance of the attached

Letter Rogatory to HTC.

Respectfully submitted,

Dated:  July 23, 2013

_____

Jay H. Reiziss (DC Bar No. 420730)
Lyle B. Vander Schaaf (DC Bar No. 422380)
Brinks Hofer Gilson & Lione
1775 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006
Telephone: 202.296.6940
Facsimile: 202.296.8701

Jeffrey J. Catalano
Brinks Hofer Gilson & Lione
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611
Telephone: 312.321.4200
Facsimile: 312.321.4299

*Counsel for ZTE Corporation and ZTE (USA) Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ZTE Corporation
ZTE Plaza, No. 55 Hi-Tech Road South
Shenzhen, Guangdong Province 518057
People's Republic of China

ZTE (USA) Inc.
2425 N. Central Expy., Suite 600
Richardson, TX 75080
United States of America,

                                    Petitioners,

     v.

InterDigital Communications, Inc.
781 Third Avenue
King of Prussia, PA 19406

InterDigital Technology Corporation
200 Bellevue Parkway, Suite 300
Wilmington, DE 19809

IPR Licensing, Inc.
200 Bellevue Parkway, Suite 300
Wilmington, DE 19809

InterDigital Holdings, Inc.
200 Bellevue Parkway, Suite 300
Wilmington, DE 19809

                                    Respondents.

Misc. No. _____

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR
ISSUANCE OF LETTER
ROGATORY REGARDING HTC
CORPORATION**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
## ZTE CORPORATION AND ZTE (USA) INC. FOR THE ISSUANCE OF
## A LETTER ROGATORY REGARDING HTC CORPORATION

Petitioners ZTE Corporation and ZTE (USA) Inc. (collectively "ZTE"), Respondents in

the *Matter of Certain Electronic Devices, Including Certain Wireless Devices with 3G and/or 4G*

*Capabilities and Components Thereof,* Investigation No. 337-TA-868 before the U.S.

International Trade Commission ("ITC"), hereby submit this memorandum in support of their motion for this Court to issue, under its seal and signature, the attached Letter Rogatory to the appropriate judicial authority of Taiwan.

On July 12, 2013, ZTE moved in the ITC for the Administrative Law Judge to recommend that this Court issue a letter rogatory on behalf of ZTE to obtain discovery from HTC Corporation in Taiwan. On July 17, 2013, Chief Administrative Law Judge Charles E. Bullock, based on his knowledge of the Investigation, signed an order recommending that the U.S. District Court for the District of Columbia issue the Letter Rogatory on behalf of ZTE. (Exhibit A).

The Letter Rogatory, along with the required translation, solicits assistance from the Appropriate Judicial Authority of Taiwan to obtain from HTC documents and testimony relevant to Investigation No. 337-TA-868. ZTE respectfully requests that the Court issue the attached Letter Rogatory.

The following documents are attached to this Memorandum:

- **Proposed Order**

- **Exhibit A:** Order No. 42: Granting ZTE's Unopposed Motion for Recommendation to the District Court for the District of Columbia to Issue An Amended Letter Rogatory for the Taking of Depositions and Production of Documents in Taiwan (July 17, 2013), signed by Chief Administrative Law Judge Charles E. Bullock.

  - **Attachment A to Order No. 42:** Recommendation to the United States District Court for the District of Columbia to Issue an Amended Letter Rogatory for the Taking of Discovery in Taiwan

  - **Exhibit A to Recommendation:** Request for International Assistance (Letters Rogatory) Regarding HTC Corporation.
    - **Attachment A:** Documents or Other Property to be Produced [by HTC Corporation].
    - **Attachment B:** Examination Topics [for deposition of HTC Corporation].
    - **Attachment C:** Protective Order.
    - **Attachment D:** Ground Rules.

2

- **Attachment E:** Complaint.

- o **Exhibit B to Recommendation:** Letter Rogatory by the District Court for the District of Columbia on behalf of ZTE. Certified translation into Mandarin Chinese.
  - **Attachment A:** Documents or Other Property to be Produced [by HTC Corporation]. Certified translation into Mandarin Chinese.
  - **Attachment B:** Examination Topics [for deposition of HTC Corporation]. Certified translation into Mandarin Chinese.
  - **Attachment C:** Protective Order. Certified translation into Mandarin Chinese.
  - **Attachment D:** Ground Rules. Certified translation into Mandarin Chinese.
  - **Attachment E:** Complaint. Certified translation into Mandarin Chinese.

In support of this Motion, ZTE states as follows:

## I.   THE DISTRICT COURT HAS AUTHORITY TO ISSUE LETTERS ROGATORY.

This Court has the power to transmit Letters Rogatory to foreign tribunals pursuant to 28 U.S.C. § 1781. ZTE's use of Letters Rogatory is an appropriate method of obtaining discovery from HTC because Taiwan is not a signatory to the Hague Convention on the "Taking of Evidence Abroad in Civil or Commercial Matters."[1] *See* Fed. R. Civ. P. 4(f)(2)(B); All Writs Act, 28 U.S.C. §§1651, 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"). The use of Letters Rogatory[2] has been the traditional method of requesting foreign judicial assistance in obtaining evidence located abroad. *See, e.g., Bakeer v. Nippon Cargo Airlines, Co.*, 2011 U.S. Dist. LEXIS 90102, *61-62

---

[1] *See* U.S. Department of State, *available at* http://travel.state.gov/law/judicial/judicial_669.html (noting that Taiwan is not a party to the Hague Convention on the "Taking of Evidence Abroad in Civil or Commercial Matters") (last visited July 22, 2013).

[2] *See* U.S. Department of State, *available at* http://travel.state.gov/law/judicial/judicial_680.html ("A letter rogatory, also known as a "letter of request", is a request from a court in the United States to a court in a foreign country requesting international assistance . . .") (last visited July 22, 2013).

(E.D.N.Y. 2011) (opinion noting that "[s]ince Japan is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters . . ., [t]he only method for obtaining the testimony of an unwilling Japanese witness is through 'a letter rogatory executed by a Japanese court'"); *United States v. Walus*, 616 F.2d 283, 304 (7th Cir. 1980) (district court should have granted request by defendant for use of letter rogatory to obtain evidence located abroad that was relevant to defendant's case); *Barnes and Noble, Inc. v. LSI Corp.*, 2012 U.S. Dist. LEXIS 61625 (N.D. Cal. 2012).

Administrative Law Judges have issued such Requests to the District Court for the District of Columbia in other investigations. *See, e.g., Certain Mobile Elec. Devices Incorporating Haptics*, Inv. No. 337-TA-834, Order No. 14 (Sept. 17, 2012) (issuing a request to the District Court for the District of Columbia to issue a Letter of Request to Korea); *Certain Elec. Devices with Commc'n Capabilities, Components Thereof, & Related Software*, Inv. No. 337-TA-808, Order No. 14 (May 13, 2012) (issuing a request to the District Court for the District of Columbia to issue a Letter of Request to the United Kingdom); *Certain Wireless Devices with 3G Capabilities & Components Thereof*, Inv. No. 337-TA-800, Order No. 12 (Jan. 5, 2012) (issuing request to District Court for the District of Columbia to issue Letter of Request to Switzerland).

## II.   HTC IS IN POSSESSION OF RELEVANT DOCUMENTS AND INFORMATION IN TAIWAN.

ZTE seeks foreign discovery from HTC because ZTE believes HTC possesses unique documents and information concerning: any licensing negotiations between HTC and InterDigital, including internal notes and analyses of such negotiations, evaluations of the fair, reasonable, and non-discriminatory royalty rate for a license to the asserted patents, any royalties

4

paid by HTC to InterDigital, and HTC's capacity to replace the volume of articles subject to InterDigital's requested remedial order.

HTC is believed to be among the most knowledgeable about, and to have documents in its possession, custody, and control related to, the question of InterDigital's commitment to license its patents on fair, reasonable, and non-discriminatory ("FRAND") terms; InterDigital's ability to meet the domestic industry requirement of 19 U.S.C. §§ 1337(a)(3); and the public interest considerations enumerated in 19 U.S.C. §§ 1337(d)(1) and (e)(1).

## III.   THE LETTER ROGATORY IS NECESSARY TO OBTAIN THE DOCUMENTS AND INFORMATION FROM HTC AND CONFORMS TO THE REQUIRED PROCEDURAL SAFEGUARDS.

The attached Letter Rogatory should issue for several reasons.  The document requests, deposition topics, and written deposition questions are narrowly tailored to obtain relevant information related to the question of InterDigital's commitment to license its patents on FRAND terms; InterDigital's ability to meet the domestic industry requirement; and the public interest considerations.  The requested information, or its substantial equivalent, could not be obtained without undue hardship by alternate means because the documents and knowledgeable witnesses are in Taiwan, which is beyond the Commission's subpoena powers.   And the documents produced pursuant to the Letter Rogatory would be subject to the Protective Order in the Investigation, attached to the Letter Rogatory, thereby ensuring that the interests of HTC are adequately protected.

ZTE has exhausted its efforts to pursue the requested documents and deposition testimony from HTC Corporation of America ("HTC America"), the U.S. subsidiary of HTC. Specifically, HTC America has confirmed that it does not have the requested materials in its possession, custody, or control, and that ZTE must seek any such discovery from HTC

Corporation of Taiwan.  *See* Appendix 1 (June 4, 2013 Letter from T. Bowen to L. Vander Schaaf).

ZTE is fully prepared to comply with the procedural requirements involved in obtaining the requested documents and testimony from HTC through the Letter Rogatory.  The necessary steps to receive judicial assistance are:

- Obtain a Letter Rogatory with the signature of a District Court judge and the seal of the District Court.

- Include in the Letter Rogatory a statement that a request for judicial assistance is being made in the interests of justice, the identities of the parties, the nature of the proceedings, the nature of the assistance sought, the name and address of the person abroad from whom evidence is to be compelled, a statement that the requesting court is willing to provide similar assistance to judicial authorities of the receiving state, and the identity of the party that will bear any costs.  *See Preparation of Letters Rogatory*, *available at* http://travel.state.gov/law/judicial/judicial_683.html  (last visited July 22, 2013).

- Transmit the Letter Rogatory and accompanying documents to the Office of American Citizen Services for transmittal to the Appropriate Judicial Authority of Taiwan and eventual enforcement in a Taiwanese court. *See id.*  The Taiwanese court will serve the requests on HTC.

For the foregoing reasons, ZTE respectfully requests that the Court grant ZTE's motion and issue of ZTE's Letter Rogatory to the Appropriate Judicial Authority of Taiwan.

Respectfully submitted,

Dated:  July 23, 2013

Jay H. Reiziss (DC Bar No. 420730)

6

Lyle B. Vander Schaaf (DC Bar No. 422380)
Brinks Hofer Gilson & Lione
1775 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
Telephone: 202.296.6940
Facsimile: 202.296.8701

Jeffrey J. Catalano
Brinks Hofer Gilson & Lione
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611
Telephone: 312.321.4200
Facsimile: 312.321.4299

*Counsel for ZTE Corporation and ZTE (USA) Inc.*

## CERTIFICATE OF SERVICE

I, Lyle B. Vander Schaaf, certify that a copy of the foregoing MOTION OF ZTE CORPORATION AND ZTE (USA) INC. FOR THE ISSUANCE OF A LETTER ROGATORY FOR JUDICIAL ASSISTANCE REGARDING HTC CORPORATION was served as indicated to the parties listed below on this 23rd day of July, 2013.

| | |
|---|---|
| The Honorable Charles E. Bullock<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 317-R<br>Washington, D.C. 20436 | (  ) Via First Class Mail<br>(  ) Via Federal Express<br>( X ) Via Hand Delivery (2 copies)<br>(  ) Via Facsimile<br>(  ) Via E-mail |
| David A. Foley, Jr.<br>Attorney Advisor<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 317<br>Washington, D.C. 20436<br>(David.Foley@usitc.gov) | (  ) Via First Class Mail<br>(  ) Via Federal Express<br>( X ) Via Hand Delivery<br>(  ) Via Facsimile<br>( X ) Via E-mail and FTP with consent |
| Lisa Murray, Esq.<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 401<br>Washington, D.C. 20436<br>(Lisa.Murray@usitc.gov) | (  ) Via First Class Mail<br>(  ) Via Federal Express<br>(  ) Via Hand Delivery<br>(  ) Via Facsimile<br>( X ) Via E-Mail with consent |
| Maximilian A. Grant<br>LATHAM & WATKINS LLP<br>555 11th Street, NW, Suite 1000<br>Washington, D. C. 20004<br>(337868IDCLW@lw.com)<br>*Counsel for Complainants* | (  ) Via First Class Mail<br>(  ) Via Federal Express<br>(  ) Via Hand Delivery<br>(  ) Via Facsimile<br>( X ) Via E-Mail & FTP with consent |
| David S. Steuer<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA  94304<br>(868-WSGR-InterDigital@wsgr.com)<br>*Counsel for Complainants* | (  ) Via First Class Mail<br>(  ) Via Federal Express<br>(  ) Via Hand Delivery<br>(  ) Via Facsimile<br>( X ) Via E-Mail and FTP with consent |

| | |
|---|---|
| Sturgis M. Sobin<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>(Huawei337-868@cov.com)<br>***Counsel for Respondents Huawei Technologies Co., Ltd.,***<br>***Huawei Device USA, Inc. and FutureWei Technologies, Inc.*** | (  ) Via First Class Mail<br><br>(  ) Via Federal Express<br><br>(  ) Via Hand Delivery<br><br>(  ) Via Facsimile<br><br>( X ) Via E-Mail and FTP with consent |
| Marsha E. Mullin<br>ALSTON & BIRD LLP<br>333 South Hope Street<br>16th Floor<br>Los Angeles, CA 90071<br>(868NokiaIDC@alston.com)<br>***Counsel for Respondents Nokia Corporation and***<br>***Nokia Inc.*** | (  ) Via First Class Mail<br><br>(  ) Via Federal Express<br><br>(  ) Via Hand Delivery<br><br>(  ) Via Facsimile<br><br>( X ) Via E-Mail and FTP with consent |
| Stephen J. Rosenman<br>ROPES & GRAY LLP<br>700 12th Street, NW, Suite 900<br>Washington, DC 20005<br>(RopesITC868@ropesgray.com)<br>***Counsel for Respondents Samsung Electronics Co., Ltd.,***<br>***Samsung Electronics America, Inc. and***<br>***Samsung Telecommunications America, LLC*** | (  ) Via First Class Mail<br><br>(  ) Via Federal Express<br><br>(  ) Via Hand Delivery<br><br>(  ) Via Facsimile<br><br>( X ) Via E-Mail and FTP with consent |
| F. Greg Bowman<br>WILLIAMS & CONNOLLY<br>725 Twelfth Street, NW<br>Washington, DC 20005<br>(WCITC868@wc.com)<br>***Counsel for Respondents Samsung Electronics Co., Ltd.,***<br>***Samsung Electronics America, Inc. and***<br>***Samsung Telecommunications America, LLC*** | (  ) Via First Class Mail<br><br>(  ) Via Federal Express<br><br>(  ) Via Hand Delivery<br><br>(  ) Via Facsimile<br><br>( X ) Via E-Mail and FTP with consent |

Lyle B Vander Schaaf

2